Citation Nr: 1450464 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 09-42 250A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disability, to include major depressive disorder.

2. Entitlement to service connection for migraine headaches.

3. Entitlement to service connection for a right ankle disability.

4. Entitlement to service connection for a low back disability.


REPRESENTATION

Appellant represented by: Christa A. McGill, Attorney-at-Law


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

L. Zobrist, Associate Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from November 1969 to May 1972 and from December 1974 to February 1978, with subsequent service in the Reserves. These matters are before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision by the Winston-Salem, North Carolina, Department of Veterans Affairs (VA) Regional Office (RO) that, following the submission of additional evidence, confirmed and continued a February 2007 denial of the claims on appeal. 

In July 2014, a Travel Board hearing was held before the undersigned. A transcript of the hearing is associated with the record. 

The Board has recharacterized the psychiatric disorder claim on appeal to include all psychiatric disabilities in light of Clemons v. Shinseki, 23 Vet. App. 1 (2009).

The issue of an increased rating for service-connected residuals of left pubic ramus fracture has been raised by the record (see July 2014 hearing transcript, pages 8-9), but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2013). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.



REMAND

Upon review of the record, the Board finds that further development is required to satisfy VA's duty to assist.

At the July 2014 Board hearing, the Veteran's representative indicated that he was receiving Social Security Administration (SSA) disability benefits based on the disabilities on appeal. However, the claims file contains no copies of any such SSA records. As the duty to assist extends to obtaining SSA disability records where they may be relevant to the issue under consideration, remand is necessary to acquire these records. See 38 C.F.R. § 3.159(c)(2).

Psychiatric Disability

In addition, at the Board hearing, the Veteran indicated that he had received psychiatric treatment in the 1980s from Kaiser Permanente in Sacramento, California. These records have not yet been requested or associated with the claims file. As they may be pertinent to the service connection claim on appeal, the AOJ should attempt to obtain these records on remand. 

Headaches

At the Board hearing, the Veteran testified that he had been told by one of his treating VA physicians (Dr. C.) that his headaches/migraines may be associated with his psychiatric disability. Thus, the claim for headaches is inextricably intertwined with the pending service connection claim for psychiatric disability that is being remanded, and adjudication must be deferred until the intertwined issue is decided. See Harris v. Derwinski, 1 Vet. App. 180 (1991). On remand, the Veteran should be offered the opportunity to obtain and provide for the record a nexus statement from a medical professional that associates his headaches with his psychiatric disability.


Right Ankle Disability

The Veteran received a VA examination for his right ankle disability in February 2013. In support of his negative nexus opinion, the examiner noted a relevant history of right ankle strain in service, with no other findings of injury/disability during service and a normal service separation examination. However, the Veteran's STRs indicate that he was treated for a possible right tibial stress fracture in October 1971, a private September 1985 private treatment record notes a history of tibial fracture, and a private December 2012 treatment record associates joint pain in the ankle with a history of distal tibial stress fracture. It does not appear that the February 2013 VA examiner considered these records and, thus, the examination is based on an incomplete factual premise. As a result, the Board finds that it is inadequate for rating purposes and that remand for a supplemental opinion is warranted.

Low Back Disability

As regards the Veteran's back disability, he is service connected for residuals of left pubic ramus fracture associated with a June 1983 parachuting accident. The May 2007 VA examiner stated that it would be speculative to opine as to a relationship between any current back disability and service, to include the parachuting accident, due to a lack of documented spinal injury. However, the examiner appeared to associate sciatica symptoms on the left side and bilateral lower extremity paresthesias with the diagnosed back disability, without clarifying whether those symptoms were independent of the service-connected left hip disability. VA treatment records also appear to associate left hip pain with his back disability. (See, e.g., January 2009 VA treatment record regarding low back pain radiating into the lower extremities.) Thus, the record suggests that the Veteran's service-connected left hip disability and his current back disability may be related or associated with the same incident in service. A new examination is required to consider this relationship/association.

Accordingly, the case is REMANDED for the following action:

1. Take appropriate action to request all decisions and records, including medical records, associated with any claim for SSA disability benefits. If additional records are not available, or the search for any such records otherwise yields negative results, that fact should be clearly documented in the claims file.

2. Ask the Veteran to identify the providers of all treatment and/or evaluation, pertinent to the issues on appeal (records of which are not already associated with his claims file), and to provide any releases needed to secure records of any private evaluation and/or treatment. He should specifically be asked to identify and provide releases for records related to treatment in the 1980s from Kaiser Permanente in Sacramento, California. All relevant VA treatment records not already associated with the claims file must be obtained.

3. Provide the Veteran the opportunity to supply a medical nexus opinion concerning his headaches/migraines.

4. The claims file should be forwarded to the February 2013 VA examiner (or another examiner if the February 2013 examiner is unavailable) for review and an addendum opinion addressing the question posed.
If the examiner determines that the opinion cannot be provided without an examination, the Veteran should be scheduled for an appropriate examination. The claims folder and all pertinent records must be made available to the examiner.

Based on a review of the record, the examiner should render an opinion as to whether it is at least as likely as not (a 50% or higher degree of probability) that the Veteran has a current right ankle disability that is causally related to service, to include a right tibial injury incurred therein. The examiner should consider the Veteran's STRs and comment specifically on the private September 1985 and December 2012 treatment records. 

The examiner must provide a thorough rationale for all opinions requested. If any opinion requested cannot be provided, s/he must thoroughly explain the reasons therefor. The examiner should take into consideration that the Veteran is competent to report in-service and post-service symptoms.

5. The AOJ should also schedule the Veteran for a VA examination before an appropriate medical examiner with orthopedic expertise to determine the nature and etiology of the Veteran's claimed back disability. As to each diagnosed back disorder, the examiner should provide an opinion as to whether it is at least as likely as not (a 50% or higher degree of probability) that any back-related pathology diagnosed in the course of the examination was first manifested during, was aggravated by, or is in any way related to the Veteran's active military service (to include the June 1983 parachuting accident). All indicated testing should be conducted. The Veteran's claims folder, including a copy of this Remand, should be available to and reviewed in conjunction with the examination. 

The examiner must provide a thorough rationale for all opinions requested. If any opinion requested cannot be provided, s/he must thoroughly explain the reasons therefor. The examiner should take into consideration that the Veteran is competent to report in-service and post-service symptoms.

6. Thereafter, the AOJ should undertake any additional development suggested by the results of the development requested above (to include VA examinations for psychiatric disability or headaches/migraines, if indicated) and readjudicate the Veteran's claims. If any remain denied, the AOJ should issue an appropriate supplemental statement of the case, and afford the Veteran and his attorney the opportunity to respond. The case should then be returned to the Board, if in order, for further appellate review.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).